# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

J. KENNETH JEWEL et al.,

          Plaintiffs,

v.                              CIVIL ACTION NO. 2:08-cv-01105

ACTAVIS GROUP, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the show cause order requiring plaintiff's individual representative counsel to show cause in writing why this civil action should not be dismissed for failure to provide sufficient responses to plaintiff's fact sheet ("PFS"). [Dckt. 24]. The court notes that counsel in this action filed a timely response in compliance with the order.

Counsel represents that the plaintiff has completed and provided all requested authorizations and complete responses to each question in the plaintiff fact sheet. Counsel contends Mr. Jewell responded to the initial noted deficiencies by: 1) clearly and completely identifying each of his healthcare providers, even going beyond the requested ten-year period; 2) supplementing the request for fact witnesses; and 3) supplying the requested authorizations to date. Counsel also argued that "over the course of his lifetime, Mr. Jewell has seen numerous individuals at the healthcare facilities listed, and thus he is unable to recall each and every individual treating physician." (Pl. Memo. in Oppos. at 2). Counsel claims such information is "within the defendants' ability to discover as he

has complied with their request for executed and authorized a request for medical information from every healthcare provider identified in the PFS and in subsequent correspondence." (*Id.*).

In response to plaintiff's counsel's filing, the defendants argue that his representations are inaccurate. They state that Mr. Jewell's July 2009 PFS was grossly deficient because he had not attempted to list his medications, physicians, hospitals, pharmacies or fact witnesses. All of these deficiencies, as well as many others, were specifically pointed out in a July 24, 2009 deficiency letter sent to the plaintiff pursuant to the procedures in PTO 16. They assert plaintiff's counsel's letter response on August 24, 2009 failed to cure these deficiencies. Specifically they state in pertinent part that:

> With respect to Mr. Jewell's medication, Plaintiff's counsel conceded that Mr. Jewell had "an extensive history of additional medications taken," but instead of listing a single medication, instructed Defendants to obtain the medical records themselves.
> . . . .
> In this case, it was also impossible to consult the pharmacy records because Plaintiff's counsel hadn't provided executed copies of the [pharmacy] authorizations until February, 4, 2010, the day the Court entered the Show Cause Order and more than six months after Defendants sent these authorizations to Plaintiff's counsel.
>
> With respect to Mr. Jewell's physicians, Plaintiff's counsel conceded that 'Mr. Jewell has been treated extensively by a number of healthcare providers,' but instead of listing them, vaguely stated that Mr. Jewell 'received the majority of healthcare' at Ochsner Clinic. Again, instead of attempting to list Mr. Jewell's treating physicians and all places of hospitalization, Plaintiff's counsel instructed Defendants to use the medical authorizations to get the information themselves.

(Def. Reply at 2). Lastly, the defendants assert that they explained in an additional deficiency letter to the plaintiff dated September 3, 2009 that executed medical authorizations for the retrieval of medical records, without providing the names and addresses of those providers either on the authorizations themselves or in the PFS render them essentially useless.

Section IV.(A)(4) of PTO # 16 clearly states that any plaintiff who fails to comply with the PFS obligations may be subject to having his or her claims dismissed for good cause. Good cause is deemed to exist where the plaintiff either fails to submit a PFS or the plaintiff fails to "substantially complete the PFS in all respects, and the PFS thus contains a material deficiency (i.e. a deficiency that prejudices Defendants through a failure to provide necessary information, thereby impeding Defendants' access to material and relevant evidence)," and the defendants establish to the court that they have exhausted all efforts in the PFS deficiency process defined in PTO #16. (PTO 16 at 7).

In his response to the order to show cause plaintiff's counsel offered no explanation other than there was an "extensive history" for Mr. Jewell's failure to list his medications, physicians, hospitals, or pharmacies in the PFS. He merely insisted that Mr. Jewell had provided "complete responses" to every question in the PFS, and that he "clearly and completely" identified each of his healthcare providers. However, as defendants point out, the only support for this statement is the August 24, 2009 letter from plaintiff's counsel to the defendants which does not identify a single physician or medication. While Mr. Jewell may in fact not be able to recall each and every individual treating physician who treated him in the last 10 years or every medication he took, it appears from filings before the court that he has not attempted to list *any* of them. Furthermore, plaintiff's counsel, in the August 24, 2009 letter, refers the defendants to the medical records in order to obtain both an accurate inventory of medications Mr. Jewell has taken as well as completion of information on individual healthcare providers.

Answering every question in the PFS is a requirement of PTO #16. I reiterate my finding in previous rulings that "see the medical" records is not an adequate PFS response. Allowing such

a response would force the defendants to hunt for information that the plaintiff has a duty to identify and would essentially require the defendants, rather than the plaintiff, to complete the PFS. Providing this kind of response has delayed this action by months and caused unnecessary expense.

Defendants' counsel in this action have sent Mr. Jewell two deficiency letters in accordance with the procedures in PTO #16. Each letter included details as to the identified deficiencies and included a warning that the case may be subject to dismissal if a PFS substantially complete in all respects was not received. In addition, after still not receiving answers to every question in the PFS, they filed the motion for an order to show cause. This clearly establishes that they have exhausted all efforts in the PFS deficiency process and yet they still cannot be sure that they have been provided a complete list of all of the facilities where Mr. Jewell was hospitalized, let alone the individual treating physicians or medications taken. Without such a list Mr. Jewell's executed authorizations are useless and defendants access to material and relevant evidence is impeded. Accordingly, I find that the plaintiff has failed to show cause as to why this case should not be dismissed for failure to provide a substantially complete PFS and I hereby **DISMISS** this civil action with prejudice.

The Clerk is **DIRECTED** to send a copy of this memorandum opinion and order to counsel of record.

ENTER: May 11, 2010

Joseph R. Goodwin, Chief Judge