IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

J. KENNETH JEWEL et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:08-cv-01105

ACTAVIS GROUP, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion for new trial [Docket 28].[1] Because there has been no trial in this action, and the motion was filed within 28 days after dismissal, I will treat the plaintiff's motion as seeking to alter or amend judgment pursuant to Rule 59(e).[2] A timely response was filed by the defendants. No reply was received.

---

[1] The court notes that the case caption on the complaint indicates that the plaintiff's last name is "Jewel." The Plaintiff Fact Sheet indicates that the plaintiff's last name is "Jewell." For purposes of this memo the plaintiff's name will be spelled "Jewel."

[2] *See Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 412 (4th Cir. 2010)("We have squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment.")(decided under former version of Rule 59(e) prior to the 2009 amendment and citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir.1996) and *Vaughan v. Murray*, No. 95-6081, 1995 WL 649864, at *3 n. 3 (4th Cir. Nov.6, 1995)).

On May 11, 2010, I dismissed this action with prejudice. I found that the plaintiff had failed to show cause why the action should not be dismissed for failure to provide a substantially complete plaintiff fact sheet ("PFS"). The defendants had exhausted all efforts in the PFS deficiency process. They still had not received substantially complete PFS answers as required by PTO #16. Mr. Jewel had responded on August 24, 2009, to the first deficiency letter sent by the defendants with an inappropriate and unacceptable "see the medical/pharmacological records" answer[3] to at least two uncured PFS deficiencies. Following a second deficiency letter from the defendants in September 2009, the plaintiff had still not provided specific information to at least two multi-part sections of the PFS nor had he executed specific pharmacy authorizations. In fact, the pharmacy authorizations were not returned to the defendants until February 4, 2010 - more than six months after they had been provided to his counsel and only after the show cause order process was complete.

The plaintiff insists in his motion to reconsider that he has complied with the PFS as written and understood by him. He asserts that I dismissed the case as a result of his failure to list any treating physicians. He argues that the PFS specifically asks for the "treating physician and/or hospital"[4] for each condition he experienced. He says he complied with this request via his counsel's response to the defendant's July 24, 2009, deficiency letter. The letter listed the Oscher

---

[3] This answer was particularly inappropriate given that the defendants could not have accessed the pharmacy records even if required to do so because the plaintiff had not provided executed copies of the pharmacy authorizations.

[4] The plaintiff is correct that Section IV, Question 4B part 2 of the PFS does allow for the option of listing the treating physician and/or hospital. Section VII, which remains unanswered by the plaintiff as explained herein, does not.

-2-

Clinic as the treating hospital for "virtually every condition" he had suffered. He concedes that he did not list a single treating physician but contends that it was not required by the PFS.

The remainder of Mr. Jewel's memorandum in support of his motion argues that even if his responses to the PFS were incomplete, the ruling dismissing his claims with prejudice should be vacated because his actions did not merit that result. He states that he bears no responsibility for unsatisfactorily completing responses in his PFS because he provided his attorney with what he believed to be complete responses. Second, he asserts the amount of prejudice inflicted upon the defendants has been minimal. In support of this particular argument he states that the signed medical authorization forms were provided to the defendants for the purpose of allowing them access to more specific information than plaintiff was able to recollect. Third, he asserts he has not engaged in the systematic and purposeful delay contemplated by permitting a dismissal with prejudice. He restates his belief that he complied with the PFS requirements of listing prior "physicians and/or hospitals" and he argues finding them unsatisfactory does not amount to bad faith. Last, the plaintiff argues there are numerous less drastic sanctions which are available to the court, including orders to compel more complete responses, monetary sanctions to offset defendants' cost of reviewing medical records for more specific information or dismissing without prejudice.

In their response, the defendants reiterate the point that they exhausted all reasonable efforts to urge the plaintiff to comply with PTO #16 and that he has "spurned every opportunity to fully comply with it" causing "significant delay and unnecessary expense." The defendants also counter the plaintiff's argument that he has provided complete responses to each question in the PFS. Section V, Question 1 of the PFS requests information on any medications, herbal products or supplements other than Digitek taken on a regular basis over the 10 years preceding the incidents

in the complaint. No list of medications was ever provided, nor the corresponding information on prescribing physician and purpose of medication, despite the fact the plaintiff admitted the medications existed and were numerous. On this point, the plaintiff has never provided to date more than the "see the records" response.

Section VII, Question 1 clearly requires identification of each doctor or other healthcare provider the plaintiff has seen for medical care and treatment in the last 10 years. It cannot be interpreted as a "doctor and/or hospital" option like Section IV since it requires a name and specialty. Thus Mr. Jewel's response that "he has received a majority of healthcare from Oscher Clinic" and that "executed medical authorizations will better aid in the completion of information for this particular section" is devoid of the necessary information. In addition, the section requires information on the reason for the visit and approximate dates of visits which were never provided. Again, even it were the defendants' obligation to find this information, the plaintiff's authorizations to obtain medical records are useless without a list of treating physicians.

Question 2 in Section VII asks for identification of each hospital, clinic or healthcare facility where hospitalized in the past ten years. Again, the plaintiff has never provided to date more than the name of one clinic and the "see the records" response after admitting he has been treated by an extensive number of healthcare providers. A complete list of pharmacies has also never been provided for Section V, Question 3.

Motions for reconsideration under rules 59(e) are reserved for situations in which (i) there is an intervening change in the law; (ii) new evidence has become available; or (iii) there is a clear error of law or a need to prevent manifest injustice. *See Robinson*, 599 F.3d at 411. Plaintiff argues that he bears no responsibility for providing unsatisfactory responses in his PFS and his counsel is

to blame. However, PTO #16 IV.A.1 clearly states that the *plaintiff* shall complete and submit the PFS. Further, PTO #16 clearly provides that any plaintiff who fails to comply with the PFS obligations may be subject to having his claims dismissed for good cause. "Any dismissal may be with or without prejudice as the Court may determine in any individual case." (PTO #16 at IV.(A)(4)).

The plaintiff suggests an order compelling more complete responses is more appropriate than dismissal in this case. The order compelling complete responses to the PFS was PTO #16. In addition, the plaintiff had a chance to respond to two deficiency letters sent by the defendants, a motion to show cause, and eventually, an order to show cause. All of these instances provided the plaintiff opportunity to review his own records and completely respond to *all* sections of the PFS. He did not.

More than 10 months elapsed between the original deficient PFS and my May 11, 2010, Memorandum Opinion and Order dismissing this case. In light of the plaintiff's failure to comply with PTO #16, as well as the unnecessary expense and delay that the plaintiff has caused, plaintiff has not made the showing required by Rule 59(e) for me to reconsider my decision to dismiss this case. In the event the client is blameless for the circumstances giving rise to dismissal, however, I will, in order to prevent a manifest injustice, consider converting the dismissal to one without prejudice. Accordingly, counsel for the plaintiff is **DIRECTED** to provide the plaintiff with a copy of this memorandum opinion and order. Counsel is to advise the plaintiff that he may, if he wishes to do so, send the court a letter no later than July 16, 2010, setting forth any grounds he wishes to raise in support of converting the prior ruling to a dismissal without prejudice. In the event a letter

is sent, counsel will be provided with an opportunity to respond. A ruling on the motion to alter or amend the judgment pursuant to Rule 59(e) will be deferred until conclusion of the above directive**.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 1, 2010

Joseph R. Goodwin, Chief Judge