**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

J. KENNETH JEWELL, et al.,

        Plaintiffs,

v.                                 CIVIL ACTION NO. 2:08-cv-01105

ACTAVIS GROUP, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion for new trial, which was treated as a motion seeking to alter or amend judgment pursuant to Rule 59(e)[Docket 28].

On July 1, 2010, I entered a memorandum opinion and order finding that the plaintiff had not made the showing required by Rule 59(e) for me to reconsider my decision to dismiss this case on grounds that the plaintiff had failed to provide a substantially complete plaintiff fact sheet ("PFS"). The defendants had exhausted the PFS deficiency process and had still not received substantially complete answers as required by PTO #16. Plaintiff's counsel had responded to deficiency letters sent by the defendants with an inappropriate and unacceptable "see the medical/pharmacological records" answer to at least two uncured PFS responses. In addition, it took six months for plaintiff's counsel to return executed copies of the pharmacy authorizations provided to him for signature by his client. For all of these reasons, clearly outlined in my May 11, 2010, memorandum opinion and order, the case was dismissed with prejudice.

At the time the motion seeking to alter or amend judgment was filed, however, the court had limited information on the plaintiff's actual role in the circumstances giving rise to the dismissal. The plaintiff was therefore provided a limited opportunity to respond to the court by letter setting forth any grounds he wished to raise in support of converting the prior ruling to a dismissal without prejudice. I did so in order to prevent a manifest injustice in the event the plaintiff, as opposed to his counsel, was blameless for failure to provide sufficient responses to the PFS. The July 1, 2010, memorandum opinion and order noted that a final ruling on the motion to alter or amend the judgment pursuant to Rule 59(e) would be deferred until the plaintiff responded.

On July 15, 2010, a timely letter from Mr. Jewell was received and docketed. The letter set forth reasons he would "appreciate the opportunity to continue with [his] lawsuit." Mr. Jewell recounted his experience with Digitek and its alleged effects on his health. He apologized to the court and the defendants for not providing the information necessary in the fact sheet process and specifically assured the court that it was not intentional. Mr. Jewell stated that he relied on his lawyer to advise him and to complete the medical questionnaire and other forms on his behalf due to the fact he cannot read with any facility without his computer or other assistive devices. Mr. Jewell stated that the forms were filled out by his lawyer after a phone consultation with him at a time when Mr. Jewell was hospitalized. Mr. Jewell was physically unable at the time to read and complete the papers himself. Mr. Jewell concluded the letter with an additional apology for the fact counsel did not complete the forms to the court's satisfaction. He assured the court that he would personally make sure that the forms were fully answered if allowed to continue his case.

Motions for reconsideration under Rule 59(e) are reserved for situations in which (i) there is an intervening change in the law; (ii) new evidence has become available; or (iii) there is a clear

error of law or a need to prevent manifest injustice. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Some courts try to define "manifest injustice." They rely on a definition found in *Black's Law Dictionary*. That definition focuses on the effect of an error committed by the district court. *See*, *e.g.*, *Grynberg v. Ivanhoe Energy, Inc.*, No. 08-cv-2528, slip op. at 3 (D. Colo. Jul. 15, 2010) ('In the context of a motion for reconsideration, a "manifest injustice" is defined as an error by the court that is "direct, obvious, and observable."') (citations omitted). That limited definition does not work well here. The only error committed by the court was the result of plaintiff's counsel not making me aware of the limitations of the client and his conduct of referring defense counsel to review records in order to obtain more specific information on Mr. Jewell. The misconduct was essentially counsel's alone and he has admitted as much. That type of error under the circumstances, however, qualifies for relief. *See* 11 Charles A. Wright *et. al*, *Federal Practice and Procedure* § 2810.1 (2d ed. elec. 2010).

Mr. Jewell's letter seeks more than simply conversion of the dismissal to one without prejudice. I find that extraordinary circumstances justify his request. Mr. Jewell's letter makes readily apparent his necessary, but unfortunate, heavy reliance on counsel to provide substantially complete answers on the PFS on his behalf. Mr. Jewell's overall health, hospitalizations and visual impairments appear to have greatly elevated his reliance on counsel to substantially complete his fact sheet and advise him if further information was necessary. It is also not clearly apparent from the record if Mr. Jewell was aware that the initial answers he provided counsel while hospitalized required further detail in order to cure deficiencies and avoid dismissal. This, in conjunction with the fact that plaintiff's counsel offers in the instant motion that *his* conduct, and not that of his client,

was sanctionable leads me to conclude that reconsideration of the dismissal with prejudice is appropriate.

I find that dismissal with prejudice of this action was manifestly unjust to the plaintiff given the circumstances and his role in completing the PFS and responding to deficiency letters. Accordingly, I **GRANT** his motion to alter or amend judgment.  I hereby **VACATE** the portion of my May 11, 2010, memorandum opinion and order dismissing this case with prejudice.  Findings in both my May 11, 2010, and July 1, 2010, memorandum opinions concerning the uncured deficiencies in the plaintiff's PFS remain valid.  The plaintiff is therefore **ORDERED** to completely remedy all remaining deficiencies in the PFS within 30 days of this order.  Failure to do so will result in final dismissal of this action with prejudice.  Plaintiff's counsel is admonished to take particular notice of the previous rulings of this court that clearly establish that "refer to the medical records" is neither a substantially complete nor acceptable response.

The court **DIRECTS** the Clerk to reinstate this action to the active docket and to send a copy of this memorandum opinion and order to counsel of record and any unrepresented party.

ENTER: July 29, 2010

Joseph R. Goodwin, Chief Judge